IN THE COURT OF APPEALS

FILED

January 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| GERRY SUE HASEK, | ) | KNOX CIRCUIT |
| | ) | C. A. NO. 03A01-9706-CV-00210 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. WHEELER ROSENBALM |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DONNA KEENE HOLT and GILREATH | ) | |
| AND ASSOCIATES, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendants-Appellees | ) | |

DAVID W. BLANKENSHIP, Kingsport, for Appellant.

R. FRANKLIN NORTON, GEOFFREY D. KRESSIN, and W. MITCHELL CRAMER, Norton & Luhn, P.C., for Appellees.

O P I N I O N

McMurray, J.

This is a legal malpractice action. The Plaintiff alleges that she employed the defendants to represent her in a medical malpractice claim against Baptist Hospital of East Tennessee, Dr. Robert Hall or the proper party to be sued. Suit was brought against Baptist Hospital of East Tennessee and was, after mediation, eventually settled. Dr. Hall was not sued. The failure to bring an action against Dr. Hall is the basis of this action.

On January 22, 1997, the defendants filed a motion to dismiss and/or for summary judgment. Supporting affidavits were filed with the motion, therefore, pursuant to Rule 12.03, Tennessee Rules of Civil Procedure, the motion will be treated as a motion for summary judgment. The motion for summary judgment was sustained and this appeal resulted. We affirm the judgment of the trial court.

The plaintiff's only issue, on appeal, is that summary judgment was inappropriate.

Our standard of review on the granting of a motion for a summary judgment is so well-settled that we do not find it necessary to state it here.

In their motion, the defendants asserted that they were not guilty of malpractice because: (1) they did not deviate from the recognized standard of professional practice for attorneys

2

practicing medical malpractice litigation in Knox County, Tennessee and similar communities; (2) that there was no basis for a medical malpractice action against Dr. Hall in the underlying case and (3) the plaintiff did not timely file her complaint in this case.

Two affidavits from expert witnesses were filed on behalf of the defendants, i.e. the affidavit of the defendant Donna Keene Holt and Dr. Paul Kaufman. Dr. Kaufman is both a physician licensed to practice medicine in Tennessee and an attorney licensed to practice law in the State of Tennessee.

The defendant, Donna Keene Holt, deposed among other things that she did not fall below the standard of acceptable professional practice for attorneys practicing medical malpractice litigation in Knox County, Tennessee, or similar communities. She further testified as follows:

> It is my professional opinion with a reasonable degree of legal certainty, that all legals [sic] services, investigation of claims, and advice provided to Ms. Hasek was [sic] given in accordance with the appropriate judgment based upon the material facts available at material times and with the degree of skill, care, diligence, learning and experience, ordinarily used, possessed, and practiced by other attorneys practicing medical malpractice litigation in Knox County, Tennessee on or about the times material herein; that based upon the relevant available facts that there was no negligence on the part of Dr. Hall and therefore no basis to bring suit against Dr. Hall, or any other physicians who rendered treatment to Ms. Hasek in the underlying case.

3

Dr. Paul Kaufman testified in a dual capacity as an attorney and physician. He stated in his affidavit that he was familiar with the standard of acceptable professional practice for physicians and surgeons in Knox County, Tennessee, at all times material. He further stated that he had reviewed all of Gerry Sue Hasek's medical records from Baptist Hospital of East Tennessee relative to her medical malpractice claim in the underlying suit; that he had researched the medical literature regarding Ms. Hasek's condition and consulted with other physicians. Based upon his investigation and professional expertise he was of the opinion that the surgery and professional medical care and treatment that Dr. Hall provided to the plaintiff was at all times performed in accordance with the recognized standards of professional practice for physicians and surgeons in Knoxville, Tennessee, and similar communities at material times to the underlying suit.

Dr. Kaufman, in his capacity as a licensed attorney, deposed that he was familiar with the recognized standard of acceptable professional practice applicable to attorneys practicing medical malpractice litigation in Knox County, Tennessee and similar communities; that he had reviewed the medical malpractice litigation files of Gerry Sue Hasek and was familiar with her medical malpractice case. He concluded:

4

It is my opinion, based upon a reasonable degree of legal certainty, that proper legal services, investigation, and advice were provided to Gerry Sue Hasek and that Defendants sued as Donna Keene Holt and Gilreath and associates did not deviate from or fall below the recognized standard of acceptable practice for attorneys practicing medical malpractice litigation in Knox County, Tennessee, and similar communities, at times material herein, in regard to any attorney services provided to Gerry Sue Hasek in the underlying suit.

The plaintiff filed a response captioned "Response to Motion to Dismisss and/or for Summary Judgment and Motion to Disqualify Counsel."[1] In opposition to the defendants' motion, the plaintiff also filed her affidavit. The plaintiff is neither a licensed attorney nor a licensed physician and is not competent to testify as to matters falling within the peculiar knowledge of either profession. There is no competent evidence in the plaintiff's affidavit to refute the evidence presented by the defendants.

It is well-settled that in medical malpractice cases wherein the acts complained of are not within the ken of the common layman, the affidavit of a medical expert or experts is required to rebut affidavits by medical experts filed in support of a motion for summary judgment in order to create a genuine issue of a material fact. In Bowman v. Henard, 547 S.W.2d 527 (Tenn. 1977) the Supreme court noted:

---

[1]The motion to disqualify defendants' counsel was denied by the trial court. No issue regarding disqualification of counsel is properly presented in this appeal and accordingly, we will not address it.

5

> ... [W]e hold that, in those malpractice actions wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contentions afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise.

Bowman, at page 551.

In the underlying case, the plaintiff went to the emergency room of Baptist Hospital of East Tennessee. She had gastro-intestinal bleeding which was treated and appeared to have been resolved but had left her in a state wherein a blood transfusion was required. The hospital employees erroneously caused the plaintiff to be given the wrong type of blood. As a result, Ms. Hasek received a substantial amount of blood that caused her to develop disminated intravascular coagulopathy further resulting in a gastrointestinal hemorrhage that required surgery. Dr. Hall was an attending physician.

We find and hold that the underlying case, i.e., the claim which plaintiff would allegedly have had against Dr. Hall is a case wherein medical proof would be required to establish negligence, proximate cause or legal cause. Therefore, the rule stated in Bowman, applied to the underlying facts of this case, renders summary judgment appropriate.

6

Further, there was no countervailing evidence to establish a genuine issue of a material fact relating to the alleged legal malpractice of the defendants. As in medical malpractice cases, expert evidence is required to demonstrate negligence in legal malpractice cases. In a suit against an attorney for professional negligence, the plaintiff must prove three things in order to recover: (1) the employment of the attorney; (2) neglect by the attorney of a reasonable duty and (3) damages resulting from such neglect. Sammons v. Rotroff, 653 S.W.2d 740 (Tenn. App. 1983), citing Maryland Casualty Co. v. Price, 231 F. 397, 401 (4th Cir.1916); Daugherty v. Runner, 581 S.W.2d 12, 16 (Ky.App.1978); and Herston v. Whitesell, 348 So.2d 1054, 1057 (Ala. 1977).

> ... the cases make clear that the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law. (Citations omitted) ... Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. (Citations omitted). In this regard, Rule 56.05 [T.R.Civ.P.] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment ... shall be entered against him." Rule 56.05.

Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993).

In this case, the defendants have met the burden of establishing that they are entitled to summary judgment as a matter of

7

law, absent countervailing evidence by the plaintiff, demonstrating that there was a genuine issue of a material fact. The plaintiff must fail on two grounds: 1. The plaintiff failed to refute the evidence by an expert witness that Dr. Hall was not guilty of negligence in the underlying suit, hence no damages can be established; and 2. The plaintiff failed to refute the affidavits of the expert witnesses that the defendants were not guilty of any professional negligence.

While not presented as an issue in her brief, the plaintiff during oral argument asserted that the trial court was in error for failing to grant a continuance to allow the plaintiff to obtain expert proof. We find no merit in this argument. There is no formal motion in the record asking the court to grant a continuance and it was conceded that the issue was not addressed by the trial court. The only reference to a continuance is in the response to the motion for summary judgment wherein it is stated "[a]t a minimum, the court should grant a continuance to permit Ms. Hasek to obtain the information necessary to fully and fairly contest the Motion for Summary Judgment." For the purposes of this case and in the interests of fairness, we will treat plaintiff's statement as a motion for continuance.

The complaint was filed on December 18, 1996. The motion for summary judgment was filed on January 22, 1997. Plaintiff's

response was filed on March 20, 1997. The hearing on the motion was held on March 21, 1997.

"We well recognize that a trial court ordinarily has a broad discretion in the grant or the denial of a continuance and that the trial judge's decision will not be set aside unless there is a clear showing of abuse. <u>Tipton v. Smith</u>, 593 S.W.2d 298, 301 (Tenn. App. 1979)." <u>Barish v. Metropolitan Gov't</u>, 627 S.W.2d 953 (Tenn. App. 1981). There is no explanation in the record as to why the plaintiff was unable to obtain the necessary evidence between January 22, 1997 and March 21, 1997.

There is nothing in the record in this case to remotely suggest that the trial court abused its discretion in failing to grant a continuance. Indeed, there is nothing in the record to suggest that the matter of a continuance was called to the attention of the trial court, other than the nebulous reference to a continuance in the plaintiff's response to the motion for summary judgment which is above quoted. There is nothing in the record to show that the court considered or ruled on the question of a continuance.

We find no merit in the plaintiff's appeal. The judgment of the trial court is affirmed in all respects. Costs are taxed to the appellant and this case is remanded to the trial court.

9

_____
Don T. McMurray, J.

CONCUR:

_____
Houston M. Goddard, Presiding Judge


_____
Herschel P. Franks, Judge


10

IN THE COURT OF APPEALS

GERRY SUE HASEK,                    )  KNOX CIRCUIT
                                   )  C. A. NO. 03A01-9706-CV-00210
                                   )
          Plaintiff-Appellant      )
                                   )
                                   )
                                   )
                                   )
                                   )
vs.                                )  HON. WHEELER ROSENBALM
                                   )  JUDGE
                                   )
                                   )
                                   )
                                   )
                                   )
DONNA KEENE HOLT and GILREATH      )
AND ASSOCIATES,                    )  AFFIRMED AND REMANDED
                                   )
          Defendants-Appellees     )


**<u>JUDGMENT</u>**


        This appeal came on to be heard upon the record from the
Circuit Court of Knox County, briefs and argument of counsel.  Upon
consideration thereof, this Court is of the opinion that there was
no reversible error in the trial court.

        The judgment of the trial court is affirmed in all respects.
Costs are taxed to the appellant and this case is remanded to the
trial court.


                         PER CURIAM